UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEROME WHITE HORSE, JR., and<br>SAMUEL FRANCIS WHITE HORSE,<br><br>Defendants. | 3:20-CR-30058-01-02-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTION TO SEVER |

Defendants Jerome White Horse Jr. (Jerome), and Samuel White Horse (Samuel) are accused of beating Lawrence Lafferty to death with a garden hoe. Doc. 49. A grand jury charged both men with second-degree murder, assault with a dangerous weapon, assault resulting in serious bodily injury, and aiding and abetting in the commission of these crimes. Doc. 49. It also charged Samuel with tampering with evidence for allegedly hiding the garden hoe. Doc. 49.

Jerome moved to sever his trial from Samuel's, arguing that joinder was improper under Federal Rule of Criminal Procedure 8(b) and that he is entitled to relief from prejudicial joinder under Rule 14(a). Docs. 88, 89.

I.   **Rule 8(b)**

Rule 8(b) allows the government to charge two or more defendants in the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a

1

common scheme." United States v. Wadena, 152 F.3d 832, 848 (8th Cir. 1998). The Supreme Court has expressed "a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Consistent with this preference, the prerequisites of Rule 8(b) "are liberally construed in favor of joinder." United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994). When determining whether joinder is appropriate under Rule 8, this Court looks only to the allegations contained in the indictment. United States v. Lone Eagle, No. 15-CR-30050-RAL, 2015 WL 5999518 at *1 (D.S.D. Oct. 14, 2015); United States v. Condon, No. 3:14-CR-30083-01-02-RAL, 2014 WL 6694782, at *2–5 (D.S.D. Nov. 26, 2014); United States v. Young, 14-CR-30065-RAL, 2014 WL 4925255, at *2 (D.S.D. Sept. 30, 2014).

Here, Counts I through III of the indictment charge Jerome and Samuel with the murder and assault of Lafferty and aiding and abetting in these crimes. These allegations satisfy the "same series of acts or transactions" requirement of Rule 8(b). See Young, 2014 WL 4925255, at *1–2 (concluding that joinder of defendants was proper under Rule 8(b) where defendants, although not charged with aiding and abetting one another, were charged with committing the same or similar crimes against the same victim in the same location in a narrow period of time); United States v. Hawk, No. Cr. 10-30025(02)-RAL, 2010 WL 2219213, at *1–2 (D.S.D. June 2, 2010) (holding that defendants charged in the same count with assaulting the same victim were properly joined); see also United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) ("Persons . . . jointly indicted on similar evidence from the same or related events should be tried together . . . .").

Jerome's only argument against joinder under Rule 8(b) is that he will be prejudiced if tried with Samuel. This argument is misplaced; although prejudice to a defendant may justify granting a severance under Rule 14(a), it does not render joinder improper under Rule 8(b) when, as here, the indictment satisfies Rule 8(b)'s requirements. See United States v. Rittweger, 524 F.3d 171, 178 (2d. Cir. 2008) ("The question of whether [defendants] faced prejudice—or were in fact prejudiced—

by joinder under Rule 8(b) presents the altogether separate inquiry of whether the trial of these defendants should have been severed under Rule 14."); United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989) (noting that Rule 8(b) "permits" the type of prejudice that results "when several defendants are jointly charged with a single or related offenses" (quoting Cupo v. United States, 359 F.2d 990, 993 (D.C. Cir. 1966))). Because joinder is proper under Rule 8(b), this Court turns to Jerome's request for severance under Rule 14(a).

## II.   Rule 14(a)

Rule 14(a) permits relief from prejudicial joinder as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). The Supreme Court has instructed that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. Rather, a district court is to grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. A defendant attempting to demonstrate the requisite prejudice under Rule 14(a) "carries a heavy burden." United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010) (quoting United States v. Swinney, 970 F.2d 494, 500 (8th Cir. 1992)). He may meet this burden by showing that "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." United States v. Sanchez-Garcia, 685 F.3d 745, 754 (8th Cir. 2012) (quoting United States v. Davis, 534 F.3d 903, 916–17 (8th Cir. 2008)). "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'" Davis, 534 F.3d at 917 (quoting United States v. Mickelson, 378 F.3d 810, 817–18 (8th Cir. 2004)).

Jerome argues that severance is warranted under Rule 14(a) because of statements Samuel made to law enforcement officers in February 2020. Samuel told the officers that Jerome hit Lafferty with a garden hoe and that Samuel hid the hoe because he did not want Jerome to get in trouble. Doc. 90 at 2. According to the government, law enforcement recovered the garden hoe and found Jerome's DNA on the handle and Lafferty's DNA on the blade. Doc. 90 at 2. The government plans to offer Samuel's February 2020 statements against him at trial. Relying on Bruton v. United States, 391 U.S. 123 (1968), Jerome contends that unless Samuel testified and was subject to cross-examination, the admission of Samuel's incriminating statements would violate Jerome's right of confrontation under the Sixth Amendment.

The Supreme Court in Bruton held that the admission of a non-testifying codefendant's confession naming the defendant as a participant in the crime at their joint trial violated the defendant's rights under the Confrontation Clause of the Sixth Amendment, even though the jury was instructed to consider the confession only against the codefendant. Id. at 126. The Supreme Court reasoned that although it is often appropriate to assume that a jury will follow a trial judge's limiting instructions, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Id. at 135. The Court concluded that one such context was "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." Id. at 135–36.

The Supreme Court clarified the scope of Bruton in Richardson v. Marsh, 481 U.S. 200 (1987) and Gray v. Maryland, 523 U.S. 185 (1998). In Richardson, the Supreme Court held that there is no Confrontation Clause violation when the defendant's name and existence are redacted from his codefendant's confession and limiting instructions are given, even though the confession might incriminate the defendant when linked to other evidence. 481 U.S. at 211. The Supreme Court reasoned that unlike the confession in Bruton, which "expressly implicat[ed]" the defendant, the

confession in Richardson was not facially incriminating and therefore did not raise the same "overwhelming probability" that the jury would be unable to follow a limiting instruction. Id. (alteration in original). In Gray, however, the Supreme Court held that "obvious" redactions of a codefendant's statement, like substituting the defendant's name with a blank space or the word "deleted," may violate a defendant's rights under the Confrontation Clause, despite the use of a limiting instruction. Gray, 523 U.S. at 195 ("[W]e believe that, considered as a class, redactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal results.").

When determining whether a statement violates Bruton, courts within the Eighth Circuit evaluate "whether the context is one in which the risk is too great that the jury will not or cannot follow the cautionary instruction to consider the statement solely against the declarant." United States v. Mueller, 661 F.3d 338, 348–49 (8th Cir. 2011) (quoting Sandstrom, 594 F.3d at 648). This Court has not seen Samuel's statement, but the government admits that it is "unclear whether redaction of Jerome's name and the replacement with neutral pronouns will sufficiently obscure Jerome's identity from Samuel's statement to eliminate the risk of severe prejudice to Jerome." Doc. 90 at 2. Because of this risk, the government does not oppose Jerome's motion to sever. Doc. 90 at 2. From the sounds of it, admission of Samuel's statements would involve the sort of obvious redactions warned against in Gray and would pose too great a risk that the jury would consider the statements against Jerome. As such, this Court grants Jerome's motion to sever his trial from Samuel's.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that Jerome's Motion to Sever Defendants for Separate Trials, Doc. 88, is granted.

DATED this 9th day of October, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE