## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:20-CR-30058(02)-RAL** |
| **Plaintiff,** | |
| **vs.** | **ORDER GRANTING IN PART AND DENYING IN PART DISCLOSURE MOTIONS** |
| **SAMUEL FRANCIS WHITE HORSE,** | |
| **Defendant.** | |

In this murder, assault, and evidence tampering case, Samuel Francis White Horse moved for the disclosure of his co-defendant father's (1) presentence investigation report (PSR) (but only the offense conduct portion of it), (2) plea agreement supplement, and (3) allocution statement. Samuel maintains that this information is necessary for him to confront and cross-examine the accusations his father has made against him. Having conducted an *in camera* review of the information Samuel seeks, the Court grants in part and denies in part his disclosure motions.

### BACKGROUND

A federal grand jury indicted Samuel and his father, Jerome White Horse, Jr., on second degree murder and assault charges, and Jerome with the additional charge of evidence tampering. The charges stem from an fatal beating of Lawrence Lafferty on February 12, 2020 in Cherry Creek, South Dakota. Jerome plead guilty to voluntary

manslaughter and aiding and abetting, as part as a plea agreement reached with the government and was sentenced earlier this month. Samuel's trial is scheduled to begin on June 22, 2021.

Just before and after Jerome's sentencing, Samuel filed two motions seeking the disclosure of: (1) "the offense and relevant conduct portions" of Jerome's PSR (including related addenda and reports), (2) the supplement to Jerome's plea agreement, and (3) Jerome's allocution statement. Samuel asserts that he needs this information to confront and cross-examine Jerome, who is expected to testify for the government at Samuel's trial.

The Court has conducted an *in camera* review of the requested materials, all of which have restricted access. The Court has also reviewed the entire case file.

## DISCUSSION

Due process requires that the government disclose to an accused favorable evidence in its possession that is material to guilt or punishment.[1] "Favorable" evidence includes evidence tending to exculpate the accused and evidence adversely affecting the credibility of the government's witnesses.[2] Evidence is "material" if there is a reasonable probability that it will affect the result of the proceeding.[3]

---

[1] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[2] *See United States v Bagley*, 473 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

[3] *See Bagley*, 473 U.S. at 682.

The government may, at times, possess potential *Brady* material that it deems privileged or that is confidential. If the accused is able to identify this material with some degree of specificity, he or she may then attempt to obtain court-ordered disclosure of it.[4] Once the accused has made a plausible showing that the evidence would be both favorable and material, a court must review the information *in camera* to determine whether it should be disclosed.[5] The court conducts its review in private because the Constitution does not permit an accused the right of uncondititional access to the government's files.[6]

PSRs represent a special category of potentially discoverable confidential information. But no statute or rule of criminal procedure addresses disclosure of them to a third party. Courts typically require "some showing of special need before they will allow a third party to obtain a copy of a [PSR]."[7]

---

[4]*See Pennsylvania v. Ritchie,* 480 U.S. 39, 58 n. 15 (1987).

[5]*See Ritchie,* 480 U.S. at 58-60.

[6]*See id.* 59-60.

[7]*U.S. Dept. of Justice v. Julian,* 486 US 1, 12 (1988); *see also United States v. Williams*, 624 F.3d 889, 894 (8th Cir. 2010) (there must be "some showing of special need" before a court may release a PSR to a third party); *United States v. Spotted Elk,* 548 F.3d 641, 672 (8th Cir. 2008)(same); *United States v. Jewell,* 614 F.3d 911, 921-22 (8th Cir. 2010) (observing that the "special need" standard is similar to the Second Circuit's requirement of "a threshold showing of a good faith belief that a co-defendant's PSR contains exculpatory evidence not available elsewhere").

Because PSRs contain sensitive information, they "are generally treated as confidential."[8] Once the requesting party makes a showing of special need, the court should conduct an *in camera* review of the PSR and then disclose exculpatory or impeachment material from it as appropriate.[9]

Here, Samuel is entitled to the offense conduct section (¶¶ 4-23) of Jerome's PSR. He has demonstrated a special need for this information, and it is potentially exculpatory and impeachment evidence.[10] The same, however, cannot be said for Jerome's plea agreement supplement and allocution statement and these documents need not be produced.[11]

---

[8]*See Williams*, 624 F.3d at 894 (quoting *United States v. Shafer*, 608 F.3d 1056, 1066 (8th Cir. 2010)).

[9]*See Williams*, 624 F.3d at 894; *Shafer*, 608 F.3d at 1066; *see also United States v. Garcia*, 562 F.3d 947, 953 (8th Cir. 2009) (where the district court abused its discretion in failing to review a co-conspirator's PSR after defendant sought access to it and the government recognized the possibility that the PSR contained *Brady* material and requested *in camera* review).

[10]*See United States v White Plume*, CR.13-50008-JLV, 2015 WL 13333423 at **1-2 (D.S.D. June 10, 2015) (showing of special need made where information in PSR went to credibility of likely witness and was of "paramount importance" to defendant's case and the issue of who injured the child victim); *United States v. Graham*, CR. 03-50020-02, 2007 WL 9728580 at **1-3 (D.S.D. Dec. 20, 2007) (citing cases and requiring disclosure of portions of co-defendant's PSR in a murder case).

[11]*See United States v. Moore*, 949 F.2d 68, 72 (2d Cir. 1991); *see also United States v Massat*, CR.15-50089-JLV, 2018 WL 583109 at *10 (D.S.D. Jan. 29, 2018) (*in camera* review disclosed no "information either implicating or exculpating [defendant]").

## CONCLUSION AND ORDER

So, Samuel gets some, but not all, of what he asked for. Disclosure is warranted

for the offense conduct in Jerome's PSR but not beyond that.

For these reasons, and based on the record before the Court, it is

ORDERED that Samuel's motion to disclose presentence report and supplement

to plea agreement[12] is granted in part and denied in part. The motion is granted to the

extent it seeks disclosure of the offense conduct from Jerome's PSR (¶¶ 4-23) but is

otherwise denied. It is further

ORDERED that Samuel's motion to disclose allocution statement[13] is denied.


Dated this 28th day of May, 2021, at Pierre, South Dakota.



BY THE COURT:



**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[12]*See* Docket No. 145.

[13]*See* Docket No. 148.